# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KIZZY COLLINS AND D'CARLOS JOINER,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | **Civil Action No.:** _____ ) ) |
| **MAVIS TIRE SUPPLY LLC D/B/A MAVIS DISCOUNT TIRE,** | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Kizzy Collins and D'Carlos Joiner, Plaintiffs in the above styled cause, files their Complaint against Mavis Tire Supply LLC d/b/a Mavis Discount Tire ("Mavis"), and, in support thereof, would show as follows:

### JURISDICTION AND VENUE

1.  This action arises under Section 1 of the CIVIL RIGHTS ACT of 1866, as amended, 42 U.S.C. § 1981.

2.  This Court maintains subject matter jurisdiction under 28 U.S.C. § 1343(a)(4) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, which provides for relief against

1

discrimination and employment on the basis of sex and race ("Title VII").

3. The Defendant Mavis conducts business in this district and division. The unlawful employment practices alleged herein occurred within this district and division. Thus, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

4. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 3 as if fully set out herein.

5. Plaintiff, Kizzy Collins, (hereinafter referred to as "Plaintiff" or "Collins"), is an African American female and a citizen and resident of the United States who is a resident of Madison County, Alabama, in the Northern District of Alabama.

6. Plaintiff, D'Carlos Joiner, (hereinafter referred to as "Plaintiff" or "Joiner"), is an African American male and a citizen and resident of the United States who is a resident of Madison County, Alabama, in the Northern District of Alabama.

7. Defendant, Mavis Discount Tires, (hereinafter referred to as "Defendant"), operates in Madison County, Alabama, within the Northern District of Alabama.

## CONDITIONS PRECEDENT

8. Plaintiff Collins filed a Charge of Discrimination with the Equal

2

Employment Opportunity Commission ("E.E.O.C.") on April 8, 2020 alleging discrimination on the basis of her sex and race in violation of Title VII of the CIVIL RIGHTS ACT of 1964. A copy of the Charge of Discrimination is attached hereto as Exhibit A.

9. Plaintiff Collins filed an Amended Charge of Discrimination with the E.E.O.C. on March 3, 2021 alleging retaliation for a disability in violation of the AMERICANS WITH DISABILITIES ACT OF 1990. A copy of the Charge of Discrimination is attached hereto as Exhibit B.

10. Plaintiff Collins received a Dismissal and Notice of Rights from the E.E.O.C. dated May 6, 2021, and this action is being instituted within ninety (90) days of receipt thereof. A copy of the Right to Sue is attached hereto as Exhibit C.

11. Plaintiff Joiner filed a Charge of Discrimination with the E.E.O.C. on April 30, 2020 alleging discrimination on the basis of his race in violation of Title VII of the CIVIL RIGHTS ACT OF 1964. A copy of the Charge of Discrimination is attached hereto as Exhibit D.

12. Plaintiff Joiner received a Dismissal and Notice of Rights from the E.E.O.C. dated May 6, 2020, and this action is being instituted within ninety (90) days of receipt thereof. A copy of the Right to Sue is attached hereto as Exhibit E.

## FACTUAL AVERMENTS

13. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 12 as if fully set out herein.

### Kizzy Collins

14. Plaintiff Collins is an African American female and was employed by Defendant Mavis at several of its Madison County locations.

15. Plaintiff Collins, at one point, was the only female manager of the five (5) managers that Defendant Daniel Toole (hereinafter "Toole") oversaw.

16. Since being employed there, Plaintiff Collins has fallen victim to ill treatment by Toole due to her race and gender.

17. Plaintiff Collins was told she would be promoted to the position of Store Manager at the Jordan Lane store. Instead, she was demoted to Service Manager. Plaintiff Collins was then asked to train Joseph Hilton, a Caucasian male, to fill said Store Manager position. Plaintiff Collins filed a complaint with Mavis Human Resources. After Plaintiff Collins complained, she was promoted to Store Manager.

18. However, Toole would not take Plaintiff Collins' phone calls, even though Toole supervised her and that was the only form of communication between them.

4

19. Toole did not notify Plaintiff Collins of store promotions or sales, and on more than one occasion, had failed to tell Plaintiff Collins important store information for weeks after telling the other store managers. Plaintiff Collins would only receive vital information from other store managers, not Toole.

20. Another female manager, Patty (l.n.u.), was transferred to work under Toole's supervision, and she received the same form of treatment inasmuch as Toole treated her poorly and much worse than her male counterparts.

21. Toole's failure to communicate with Plaintiff Collins regarding upcoming promotions, while stores managed by men were aware, at times for months at time, meant that Collins and her employees missed being paid thousands of dollars of bonus money that related to the promotions.

22. Toole misrepresented company policy to Plaintiff Collins and required her to use her PTO if she wanted two days off during a holiday week, when company policy allowed her to take a holiday, as well as another day off, while similarly-situated males were not so effected.

23. Toole's actions were taken in retaliation for Plaintiff Collins' complaint to Human Resources about his discriminatory actions and failure to promote her as promised to a store manager position.

24. During the early months of 2020, at the height of the Coronavirus

5

pandemic, Plaintiff Collins asked Defendant to provide personal protective equipment and precautions in the course of her job with the public due to a blood condition she had since 2013.

25. Plaintiff Collins provided a note from her doctor on July 21, 2020 stating she should not return to work until adequate safety precautions were put into place to accommodate her disability

26. Defendant did not offer or provide any safety measures or precautions to protect Plaintiff Collin's health, so she was unable to return to work

27. As a direct result of Mavis' refusal to provide safety measures or precautions that would allow her to return to work safely with her disability, Plaintiff Collins received a letter on September 27, 2020 stating she had been terminated.

28. By the actions described herein, Defendant violated 28 U.S.C. § 1343(a)(4) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991Title VII.

### D'Carlos Joiner

29. Plaintiff Joiner is an African American male and was employed by Defendant Mavis at the Jordan Lane, Huntsville, Alabama, Madison County location in April 2019.

30. While Plaintiff Joiner was employed at the Jordan Lane location, Toole

repeatedly subjected him to unfair management, and he was also treated differently than other Caucasian employees. Several Caucasian coworkers advised Plaintiff that Toole was racist inasmuch as he said racist things about Plaintiff Joiner behind his back.

31. In October 2019, Plaintiff Joiner received a "final warning" for incomplete paperwork from Toole despite the fact he had not been previously written up. This was for an action that one of the assistant managers had taken on Plaintiff's Joiner's day off work.

32. Toole told Plaintiff Joiner to train Joseph Hilton (hereinafter "Hilton), a Caucasian man, who replaced Plaintiff Joiner as Store Manager. Plaintiff Joiner was demoted to Service Manager.

33. Plaintiff Joiner was told he was replaced because Toole's supervisor, David Drummond, told Toole that Plaintiff Joiner was a "follower and not a leader." Plaintiff Joiner had never met Toole's supervisor prior to being told this.

34. After being demoted to Service Manager, Plaintiff Joiner filed a complaint to Mavis Human Resources for race discrimination but did not receive a response.

35. In the following months, Toole continued to treat Plaintiff Joiner worse than other employees at the location and retaliated against him. When Toole would

come in the store, he would deliberately ignore Plaintiff Joiner and speak to every other person present. Plaintiff Joiner was advised by Hilton that Toole "had it out for" Plaintiff and was looking for an excuse to fire him.

36. In early February 2020, a mere four (4) months after his complaint to Mavis Human Resources, Plaintiff Joiner was terminated. Up to that point, Plaintiff Joiner continued to be harassed.

37. By the actions described herein, Defendant violated 28 U.S.C. § 1343(a)(4) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991Title VII.

## CAUSES OF ACTION

### Count I
### Sexual Discrimination under Title VII
### (Plaintiff Collins Only)

38. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 37 as if fully set out herein.

39. Plaintiff Collins has been discriminated against by Defendant Mavis Tires and was required to endure a subjectively and objectively hostile work environment and less-favorable working conditions due to her gender, female.

40. Defendant purposefully and intentionally discriminated against Plaintiff Collins on account of her gender, female.

41. The sex discrimination detailed above directly violated Title VII.

## Count II
## Americans With Disabilities Act
## (Plaintiff Collins only)

42. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 37 as if fully set out herein.

43. The actions and inactions of Defendant constituted discrimination on account of Plaintiff Collins' disability.

44. Defendant purposefully and intentionally discriminated against Plaintiff on account of her disability.

45. The actions and inactions of Defendant constituted discrimination against Plaintiff in the making and/or enforcing of a contract, as the same is defined in the AMERICANS WITH DISABILITIES ACT OF 1993.

46. Plaintiff Collins has been discriminated against by Defendant Mavis Tires and was required to endure a subjectively and objectively hostile work environment and less-favorable working conditions due to her disability in violation of the AMERICANS WITH DISABILITIES ACT OF 1993.

47. Defendant failed to accommodate Plaintiff's disability in violation of the AMERICANS WITH DISABILITIES ACT OF 1993.

## Count III
## Retaliation Under Title VII
## (Plaintiffs Collins and Joiner)

48. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 37 as if fully set out herein.

49. Defendant retaliated against Plaintiff Collins for complaining to Human Resources about Toole's discriminatory actions and failure to promote her as promised to a store manager position based on discrimination of her gender.

50. Defendant retaliated against Plaintiff Collins through the actions of its supervisor, Toole, when he intentionally treated her differently from other, male supervisors resulting in her losing compensation at work.

51. Defendant retaliated against Plaintiff Joiner for complaining to Human Resources about Toole's discriminatory actions and demoting him from Store Manager to Service Manager and replacing him with a Caucasian male he had been forced to train.

52. Defendant subjected Plaintiffs to unequal treatment regarding the terms, conditions and privileges of their employment for complaining of gender-based harassment (Plaintiff Collins) and discrimination (Plaintiff Collins and Plaintiff Joiner). The retaliation was carried out willfully and with malicious and reckless disregard for the rights of Plaintiffs.

53. As a proximate result of Defendant's wrongful conduct, Plaintiffs have suffered extreme mental and emotional distress, pain and suffering and lost wages.

**Count IV**
**Race Discrimination Under**
**Section 1 of the Civil Rights Act of 1866**
**(Plaintiffs Collins and Joiner)**

54. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 37 as if fully set out herein.

55. The actions and inactions of Defendant constituted discrimination on account of Plaintiff Collins' and Plaintiff Joiner's race.

56. Defendant purposefully and intentionally discriminated against Plaintiffs on account of their race.

57. The actions and inactions of Defendant constituted discrimination against Plaintiffs in the making and/or enforcing of a contract, as the same is defined in 42 U.S.C. § 1981, as amended.

58. The actions and inactions of Defendant violated 42 U.S.C. § 1981, as amended.

59. Plaintiffs have suffered and will continue to suffer emotional distress, pain, inconvenience, mental anguish, and other nonpecuniary losses as a direct result of Defendant's violation of 42 U.S.C. § 1981, as amended.

60.  Plaintiffs have and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of 42 U.S.C. § 1981, as amended.

61.  As a result of Defendant's actions, Plaintiffs have suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, cost of medical care, compensation, and other benefits and conditions of employment.

WHEREFORE, Plaintiffs pray that this Court:

a.  Declare the conduct engaged in by Defendant to be in violation of Plaintiffs' rights;

b.  Enjoin Defendant from engaging in such conduct;

c.  Award Plaintiffs compensatory and punitive damages in an amount to be determined by the Court;

d.  Award Plaintiffs back pay and/or liquidated damages;

e.  Award Plaintiffs costs and attorneys' fees; and

f.  Grant such further and other relief as it may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted this the 4th day of August, 2021.

>*/s/ Eric J. Artrip*
>Eric J. Artrip (ASB-9673-I68E)
>Teri Ryder Mastando (ASB-4507-E53
>*Attorneys for Plaintiff*
>MASTANDO & ARTRIP, LLC
>301 Washington Street NW, Suite 302
>Huntsville, Alabama 35801
>Telephone:   (256) 532-2222
>Facsimile:    (256) 513-7489
>*artrip@mastandoartrip.com*
>*teri@mastandoartrip.com*

### DEFENDANT TO BE SERVED BY CERTIFIED MAIL

**Mavis Tire Supply LLC, d/b/a Mavis Discount Tire**
**Corporation Service Company Inc.**
**641 South Lawrence Street**
**Montgomery, AL 36104**

>*/s/ Eric J. Artrip*
>Eric J. Artrip

13